UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESUS J. MEDINA, <br><br> Plaintiff, <br><br> v. <br><br> LTD FINANCIAL SERVICES, L.P., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:19-cv-03253 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JESUS J. MEDINA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of LTD FINANCIAL SERVICES, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in Harris County, which falls within the Southern District of Texas.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age, and "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collector that collects upon debts from consumers across the country. Defendant is a limited partnership organized under the laws of the state of Texas with its registered agent located at 1999 Bryan Street, Suite 900, Dallas, Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

8. The instant action stems from Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") that Plaintiff purportedly owed to Capital One Bank, N.A. ("Capital One").

9. Upon information and belief, Defendant began collecting upon the subject debt around the summer of 2019.

10. On or around July 12, 2019, Defendant mailed or caused to be mailed a "dunning letter" to Plaintiff in an attempt to collect upon the subject debt.

11. This "dunning" letter provided the language required under § 1692g of the FDCPA, including the portion: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid."

12. Thereafter, on or about July 18, 2019, Defendant mailed or caused to be mailed to Plaintiff an additional "dunning" letter substantially similar to the July 12, 2019 letter, which included the subject debt.

13. The July 18, 2019 letter contained the same language: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid."

14. This subsequent "dunning" letter and the conflicting information evident in all letters is inherently confusing and misinforms consumers as to the correct deadline to dispute the subject debt.

15. Moreover, around the summer of 2019, Plaintiff began receiving calls to his cellular phone, (407) XXX-7238, from Defendant.

16. At all times relevant to the instant action, Plaintiff was the sole operator of the cellular phone ending in -7238. Plaintiff is and always has been financially responsible for the cellular phone and its services.

17. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (866) 285-4717 and (832) 708-2160.

18. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

19. Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant was seeking to collect the subject debt.

20. Shortly after Defendant started its collection efforts, Plaintiff demanded that Defendant stop calling him.

21. Notwithstanding this information, Defendant continued placing repeated phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt.

22. Plaintiff has received not less than 10 phone calls from Defendant since asking it to stop calling.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of the FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to

4

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    **b. Violations of FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e, e(2)(A), and e(10) through the conflicting information contained in the multiple dunning letters it sent to Plaintiff. Upon sending the first dunning letter to Plaintiff on July 12, 2019, Defendant provided the requisite information regarding the timeframe within which Plaintiff must dispute the subject debt, lest the subject debt be assumed valid. The similar representations made in the second dunning letter sent in July 18, 2019 is confusing to consumers as it misrepresents their rights under the FDCPA to dispute a debt. The FDCPA provides consumers with the right and ability to dispute debts to debt collectors within 30 days of

receiving the dunning letter. Consequently, consumers are waiving their ability to dispute a debt by relying on a false subsequent validation notice received within the original dunning letter's 30 day period, as the second dunning letter falsely suggest to consumers that they have additional time to dispute a debt.

37. Defendant's false, misleading, and conflicting statements had the material effect of confusing Plaintiff as to his rights. Moreover, by sending multiple dunning letters, Defendant purposefully intended to create a false sense of urgency in Plaintiff with the hopes of securing payment.

38. Defendant also violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to contact Plaintiff for weeks thereafter. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him after he demanded that Defendant cease calling.

    c. **Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to send collection letters structured in a way to confuse Plaintiff as to his rights under the FDCPA and the nature of his alleged liability pursuant to the subject debt.

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing multiple phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

    **d. Violations of FDCPA § 1692g**

42. The FDCPA, pursuant to 15 U.S.C. §1692g(b), provides that "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

43. Defendant violated §1692g(b) by sending an additional dunning letter to Plaintiffs within the 30-day period outlined in the first dunning letter. Defendant's July 12th Letter began Plaintiff's 30-day clock to submit a dispute to Defendant in a manner that would trigger certain duties on behalf of Defendant. However, because Defendant referenced an additional 30-day window (in the

7

July 18th Letter) within the initial 30-day window, Defendant's July 18th Letter overshadows and is inconsistent with Defendant's disclosure of Plaintiff's rights in the July 12th Letter.

WHEREFORE, Plaintiff, JESUS J. MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 28, 2019                    Respectfully submitted,

s/ Nathan C. Volheim                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103          Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                   *Counsel for Plaintiff*
Admitted in the Southern District of Texas   Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                   Lombard, Illinois 60148
(630) 568-3056 (phone)                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                  thatz@sulaimanlaw.com