IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS J. MEDINA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:19-CV-03253 |
| | § | |
| LTD FINANCIAL SERVICES, L.P, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT LTD FINANCIAL SERVICES, LP'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant LTD Financial Services, L.P. ("'LTD'") hereby moves for dismissal for Plaintiff, Jesus J. Medina's failure to state a claim which relieve can be granted.

**I.   FACTS**

1.   Plaintiff has alleged that defendant violated the Fair Debt Collection Practices Act.

2.   Plaintiff alleges that defendant sent a "dunning letter" on July 12, 2019 and a subsequent "dunning letter" on July 18, 2019. See Doc. 1 at ¶10-13. Each of the letters contained the same language "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." *Id*. Plaintiff does not allege that the language in the "dunning letter" is deceptive; instead, plaintiff alleges that letter provide conflicting deadlines for the consumer to dispute the debt. Doc. 1 at ¶14. In addition, Plaintiff alleges that he notified Defendant during a call to "stop calling him." Doc 1 at ¶20-22. Plaintiff further alleges that Defendant continued to call the Plaintiff after the notification to "stop calling." *Id*.

1

3. Plaintiff has alleged that sending the subsequent letter violated the FDCPA, specifically §1692e, §1692f and ¶1692g.

## II.   STANDARD OF REVIEW

4. Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed "'unless it appears certain that [plaintiff] can prove no set of facts that would support his claim and would entitle him to relief.'" *Smith v. Sydnor*, 184 F.3d 356, 361 (4th Cir. 1999). The Court must accept all of the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. Id. at 361. However, that requirement applies only to facts, not to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading that offers "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. Id. 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

## III.   ARGUMENT

5. Plaintiff's complaint, must be dismissed for the follow reasons:

   (A) Plaintiff failed to plead facts sufficient to support that (a) he is a "consumer as defined in the FDCPA, or (b) LTD was attempting to collect a "debt" as defined by the FDCPA; both of which are required to maintain an action for violation of the FDCPA.

   (B) Plaintiff failed to plead facts that support a violation of FDCPA §1692e and §1692e(2)(A) because Plaintiff has not identified any false representations of the character, amount or legal status of the debt.

   (C) Plaintiff failed to plead facts to support a violation of FDCPA §1692f because it has failed to allege a violation that is not enumerated in the other provisions of the FDCPA.

    (D)    Plaintiff failed to plead facts to support a violation of FDCPA §1692g because the second "dunning letter" did not "overshadow;" instead it only provided an extended time for a consumer to dispute the debt.

### A. Plaintiff has failed to plead facts sufficient to support a violation of the FDCPA.

6.    To prevail on claims against a debt collector under the FDCPA, a plaintiff must show that "(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector [as] defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Shular ex rel. Situated v. LVNV Funding LLC* (S.D. Tex., 2016) (quoting *Hunsinger v. SKO Brenner American, Inc.*, Civil Action No. 3:13-cv-0988-D, 2014 WL 1462443, at *3 (N.D. Tex. April 15, 2014) (quoting *Browne v. Portfolio Recovery Associates*, Civil Action No. H-11-2869, 2013 WL 871966, at *4 (S.D. Tex. March 7, 2013))). The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5). The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3).

7.    Therefore, in order to plead a plausible claim for violation of a FDCPA, plaintiff must plead **facts** that he is obligated or allegedly obligated to pay an obligation that arose out of a transaction primarily for personal, family or household purposes. Moreover, statements unsupported by any facts are mere legal conclusions and do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. S*ee Sanon-Lauredant v. LTD Financial Services, L.P*. No. 15-cv-6529, 2016 WL 3457010 (D.N.J. June 22, 2016); *Powell v. Aldous & Assocs., P.L.L.C.* (D.N.J., 2018); H*ennings v. Alltran Fin., LP* (E.D. Wis., 2017) and *Major v. Kochalski* (E.D. Pa.,

3

2016). See also *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, No. 13-cv-641, 2013 WL 5947011 (D.N.J.Page 7 Nov. 6, 2013) (finding that the sole allegation that "Defendant sought to collect from [Plaintiff] a debt allegedly due to [Chase Bank] arising from transactions incurred for personal, family, or household purposes" did not satisfactorily plead the existence of a debt under the FDCPA).

8. In the instant case, plaintiff has failed to plead facts sufficient to support the reasonable inference that the plaintiff is a consumer as defined by the FDCPA or that the obligation is a debt as defined by the FDCPA. Plaintiff provides no facts that he is a "consumer" as defined by the FDCPA; instead plaintiff concludes that he is a "consumer" under the statute. See Doc. 1 at ¶27. Because plaintiff has failed to allege any facts that the plaintiff is a consumer as defined by the FDCPA, the Plaintiff's complaint must be dismissed for failure to plead a claim in which relief can be granted.

**B. Plaintiff failed to plead a violation of §1692e.**

9. Plaintiff's alleges that defendant violated §1692e and §1692e(2)(A) – making a "false representation ….of the character, amount, or legal status of any debt" by sending out 2 "dunning letters." Doc 1 at ¶35-37.  Plaintiff does not allege that the language in either letter is confusing; instead, Plaintiff alleges that the 2 letters provide conflicting information and confuses and misinforms the consumer of the deadline to dispute.

10. Even if Plaintiff's allegations are taken as true, Plaintiff has failed to plead any facts that the letters included a "false representation… of the character, amount, or legal status of any debt." At best, Plaintiff pleads that the 2 letters confused Plaintiff has to his right to dispute. Doc 1 at ¶37. However even if such confusion existed, the confusion does not exist and is not based upon a false representation of the character, amount or legal status of the debt.

4

11. Plaintiff's ¶1692e and ¶1692e(2)(A) claims must be dismissed because Plaintiff has failed to plead any false representation of the character, amount or legal status of the debt.

### C. Plaintiff failed to plead a violation of §1692f.

12. Plaintiff alleges that defendant violated §1692f by using unfair or unconscionable means to collect or attempt to collect debt. Plaintiff's claim for a violation of §1692f must be dismissed because the application of a violation of §1692f is limited to conduct not enumerated in the other provisions of the FDCPA.

13. While the Supreme Court has not "'had the occasion to construe the terms 'unfair' or 'unconscionable' in § 1692f[,]" it stated that "'[t]he FDCPA's legislative history suggests that Congress intended these terms as a backstop that would enable 'courts, where appropriate, to proscribe other improper conduct . . . not specifically addressed' by the 15 U.S.C. §1692(k) statute." *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1418 n.4 (2017) (quoting S. Rep. No. 95-382, at 4 (1977)). Thus, courts have held that "[i]n light of § 1692f's legislative history . . . [a] claim under § 1692f must be based on either conduct within the listed provisions of § 1692f or based on conduct that does not violate another section of the FDCPA." *Nolan v. Account Control Tech., Inc.*, No. A-17-CV-1184-SS, 2018 WL 1903147, at *5 (W.D. Tex. Feb. 23, 2018) (collection of cases).

14. The facts supporting plaintiff's §1692f claim are the same facts underlying his §1692c and §1692d claims. Plaintiff has alleged no other misconduct in his complaint; therefore, plaintiff's §1692f claim must be dismissed.

### D. Plaintiff failed to plead a violation of §1692g.

15. Plaintiff alleges that by sending a second "dunning letter" within the 30 days of the first "dunning letter" is a violation of ¶1692g(b) because the second "dunning letter" overshadows and inconsistent with Plaintiff's rights in the first letter. Doc 1 at ¶42-43.

16. The 5th Circuit has defined "overshadowing" to include instances "where payment is demanded in a concrete period shorter than the 30-day statutory contest period." M*cMurray v. ProCollect, Inc.*, 687 F.3d 665, 670 (5th Cir. 2012) (q*uoting Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002)). Plaintiff does not allege that there was any demand for payment within in the 30-day statutory contested period. Plaintiff's only allegation is that the second letter provides a different time period for the 30-day statutory contested period.

17. District Courts in other circuits have reviewed this issue and have determined that sending a second "dunning letter" does not overshadow or contradict; instead it "merely grant[es] additional time to dispute the debt." *Bridges v. Performant Recovery, Inc*. (M.D. Ga., 2015) (citing *Gesten v. Phelan Hallinan, PLC*, 57 F.Supp.3d 1381, 1385 (S.D. Fla. 2014). Those courts held:

> Both the first and second letter accurately notify Plaintiff of the validation period and related rights under §1692(g). . Defendant's Second Letter does not overshadow the 30-day period allowed to dispute the debt or shorten this 30-day period. Each letter simply states Plaintiff may dispute the debt within 30 days from the receipt of that letter, and Plaintiff has alleged no facts that Defendant would have refused to honor this extended deadline. The § 1692g required notice was therefore not overshadowed or contradicted by Defendant's Second Letter. Thus, Defendant did not violate § 1692g(b) of the FDCPA.

*Id.*

18. Plaintiff does not allege that the notification in either the first or second letter is inaccurate; therefore the second letter does not overshadow the 30-day period to dispute the debt. Each letter states that Plaintiff may dispute the debt within 30 days from receipt of that that letter.

6

19.     Therefore, Plaintiff's §1692g claim must be dismissed because the second letter does not overshadow and is not inconsistent with the disclosure in the first letter.  Instead, the second letter simply extends the time for the consumer to dispute the debt.

## CONCLUSION

20.     Plaintiff's FDCPA claims should be dismissed because plaintiff has failed to plead facts that the debt at issue is consumer debt as defined by the FDCPA; instead relying upon conclusory statements. In the alternative plaintiff's FDCPA claims should be dismissed for the reasons set forth herein.

Respectfully submitted,

**LTD FINANCIAL SERVICES, L.P.**

**DATED:  September 26, 2019**          /s/ Sondra Jurica
Sondra Jurica, 24032486
LTD Financial Services, LP
3200 Wilcrest, Suite 600
Houston, Texas 77074
(713) 414-2100 x 2158
(713) 414-2120 (FAX)
Sondra.jurica@ltdfin.com
*General Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2019, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Sondra Jurica
Sondra Jurica, 24032486
S.D. Tex. Bar No. 37020
LTD Financial Services, LP
3200 Wilcrest, Suite 600
Houston, Texas 77074
(713) 414-2100 x 2158
(713) 414-2120 (FAX)
Sondra.jurica@ltdfin.com
*General Counsel for Defendant*