IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS J. MEDINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-3253 |
| | § | |
| LTD FINANCIAL SERVICES, L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint (Document No. 11), in which Defendant seeks dismissal of three of the four claims Plaintiff has asserted against it under the Fair Debt Collection Practices Act (FDCPA). Having considered the motion, Plaintiff's  Response in opposition (Document No. 13), Defendant's Reply (Document No. 14),[1] the allegations in Plaintiff's First Amended Verified Complaint (Document No. 10), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss (Document No. 11) be GRANTED.

---

[1] LTD's Motion to Dismiss was, not including the certificate of service page, nine (9) pages long. Medina's response to the Motion to Dismiss is 28+ pages long. LTD has filed Objections to Medina's Response and an incorporated Reply (Document No. 14). In the Objections portion of that filing, LTD complains that Medina's response far exceeds the Court's page limits, and is wholly disproportionate to both the contents of the Motion to Dismiss and the issues raised therein. LTD asks, as a part of its Objections, that the Response be stricken as not conforming with the Court's rules and/or procedures. While LTD's objections have merit, striking the Response and pro forma granting LTD's Motion to Dismiss is not warranted and will not lead to a more efficient resolution of this case. As such, LTD's Objections to the length of the Response are SUSTAINED, but the response will not be stricken at this time. Plaintiff's counsel is, however, admonished of the need to comply with the Court's rules and procedures in both this case and any other case in this District in which Plaintiff's counsel is involved.

1

I.       **BACKGROUND AND PROCEDURAL HISTORY**

On August 28, 2019, Plaintiff Jesus J. Medina ("Medina") initiated this suit by filing a Complaint in this Court, complaining about two "dunning letters" ("A letter demanding payment from a delinquent debtor" *Black's Law Dictionary* 612 (10th ed. 2014)) sent to him by LTD Financial Services, L.P., (hereafter referred to as "LTD") on July 12, and July 18, 2019.  Medina also complained about subsequent telephone calls to his cellular phone.  In a First Amended Complaint, which was filed in response to LTD's first Motion to Dismiss, Medina again focused on the two dunning letters and the calls to his cellular phone, and asserted four claims under the FDCPA.  The first claim, brought under § 1692c(a)(1) and § 1692d, was premised on the allegations that LTD "repeatedly called Plaintiff after being notified to stop" and that the calls were harassing and abusive.  The second claim, brought under § 1692e, was premised on the allegations that the two dunning letters sent by LTD were misleading insofar as the thirty day time period referenced in the two letters for disputing the debt conflicted.  The third claim, brought under § 1692f, was premised on both the collection letters and the phone calls, which Medina alleges were "unfair or unconscionable means to collect or attempt to collect" a debt.  The fourth claim, brought under § 1692g, was premised on the existence of the two, consecutive dunning letters, which Medina alleges interfered with his right to timely dispute the debt.

In LTD's current Motion to Dismiss (Document No. 11), LTD argues that Medina failed to sufficiently plead facts in support of the alleged §1692e, §1692f, §1692g violations of the FDCPA.  With regard to the alleged § 1692e violation, LTD argues that the two dunning letters were neither confusing nor misleading as a matter of law.  As for the alleged § 1692f violation, LTD argues that the Medina has not alleged any facts to support a specific claim under § 1692f.  Finally, LTD argues that because the contents of the two dunning letters does not, as a matter of

law, "overshadow" Medina's right to dispute the debt, the claim under § 1692g should also be dismissed.  Medina, in response to LTD's Motion to Dismiss, maintains that the two letters, sent just six days apart, were misleading and confusing, and could affect the ability of an unsophisticated consumer to exercise their statutory right to dispute the debt.  LTD, in reply, argues that Medina improperly relies on cases from courts outside of this Circuit and ignores the cases from within this Circuit that support the dismissal of his claims related to the dunning letters.

## II.     STANDARD OF REVIEW:  RULE 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only facts that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded facts, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III.    DISCUSSION

Medina alleges that the conduct of LTD violated four sections of the Fair Debt Collection Practices Act (FDCPA).  According to Medina, LTD violated §1692c(a)(1) and §1692d by placing repeated phone calls to Medina's cell phone with the intention "to harass, oppress, or abuse" him; violated §1692e by sending Medina conflicting information in two different "dunning" letters; violated §1692f by employing "unfair or unconscionable means to collect or attempt to collect any debt;" and violated §1692g by sending the two conflicting dunning letters, which affected his right to dispute the debt.  With its Motion to Dismiss, LTD seeks dismissal of the claims alleged under §1692e, §1692f, and §1692g related to the "dunning letters;" and the claim alleged under § 1692f related to the phone calls.

### A.      § 1692e

Medina alleges that LTD violated § 1692e, e(2)(A), and e(10):

through the conflicting information contained in the multiple dunning letters it sent to Plaintiff.  Upon sending the first dunning letter to Plaintiff on July 12, 2019, Defendant provided the requisite information regarding the timeframe within which regarding the timeframe within which Plaintiff must dispute the subject debt, lest the subject debt be assumed valid.  The similar representations made in the second dunning letter sent in July 18, 2019 is confusing to consumers as it misrepresents

4

their rights under the FDCPA to dispute a debt.  The FDCPA provides consumers with the right and ability to dispute debts to debt collectors within 30 days of receiving the dunning letter.  Consequently, consumers are waiving their ability to dispute a debt by relying on a false subsequent validation notice received within the original dunning letter's 30 day period, as the second dunning letter falsely suggest[s] to consumers that they have additional time to dispute a debt.

\* \* \*

Defendant also violated § 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.  In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to contact Plaintiff for weeks thereafter.  Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment.  Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him after he demanded that Defendant cease calling.

First Amended Complaint (Document No. 10) at 6-7.

Section 1692e prohibits any attempt by a debt collector to use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." "The ultimate question in [Fifth Circuit cases involving FDCPA § 1692e claims] is whether the unsophisticated or least sophisticated consumer would have been led by the debt collection letter into believing something untrue that would have influenced [her] decision-making." *Ortiz v. Enhanced Recovery Co., L.L.C.*, 2019 WL 2410081(N.D. Tex. June 6, 2019)  (quoting *Gomez v. Niemann & Heyer L.L.P.*, 2016 WL 3562148 (W.D. Tex. June 24, 2016)). Thus, the standard for a "misleading representation" under § 1692e is more than mere confusion – it must be misleading enough to potentially influence a debtor's decision-making. *Ortiz v. Enhanced Recovery Co., L.L.C.*, 2019 WL 2410081 (N.D. Tex. June 6, 2019).  The potential for misrepresentation must be measured by the court "under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Ener., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). The court must therefore assume that the plaintiff does not have experience in financial matters, transactions, or debt obligations.

However, the court should "not consider the debtor as tied to the very last rung on the intelligence or sophistication ladder." *Id.*

Here, as set forth above, Medina alleges that LTD sent its first dunning letter on July 12, 2019, stating therein that Medina had 30 days to dispute the debt or else LTD would assume the debt was valid.  Then, on July 18, 2019, LTD sent a second dunning letter to Medina, giving him 30 days to dispute the debt.  Medina maintains that the "similar representations made in the second dunning letter…is confusing to consumers with the right and ability to dispute debts to debt collectors within 30 days of receiving the dunning letter" (Document 10, p.6)  Medina also maintains that the second letter contains misleading representation(s) about his statutory right to dispute the debt within 30 days under FDCPA.

A majority of courts, including a District Court in this Circuit, have concluded that sequential dunning letters, as are at issue in this case, do not, standing alone, violate § 1692e. *See Ortiz,* 2019 WL 2410081 at 3 ("The majority—and current trend—of courts confronted with the issue of sequential letters agree that a debt collector does not violate the FDCPA by sending two debt collection letters with 30-day validation notices more than 30 days apart").[2]  The Southern

---

[2] While there are factual difference between *Ortiz* and this case, the undersigned concludes that the decision in *Ortiz* should apply here.  In *Ortiz*, like this case, there were two dunning letters sent by the debt collector.  But in *Ortiz*, the second dunning letter arrived after 30 days had passed from the receipt of the first letter.  Here, the second dunning letter was sent six days after the first.  Medina alleges that only one, statutorily created 30-day period exists–and under that view–a second letter would misrepresent the debtor's FDCPA rights at any point, *regardless* of when it was sent.  But, if Medina's position were credited, it would be a *per se* violation of the FDCPA in all cases in which there were two more more dunning letters containing a 30-day validation notice.  Such a position cannot be squared with the decision in *Ortiz* that a second dunning letter does not misrepresent the debtor's rights, because the debt collector may extend the debtor's time to dispute the debt past the 30-day requirement of the FDCPA, or the requirement set out in *Ortiz* that "to be viable, a claim under §1692e requires more than a debtor's simple confusion."

6

District of New York explained this well in *Brenker v. Creditors Interchange, Inc.,* 2004 WL 594502, at *2 (S.D.N.Y Mar. 25, 2004):

> Here, the two letters created no reasonable possibility of confusion in derogation of the debtor's rights. The initial letter accurately notified Plaintiff that she had [30] days from receipt of that letter in which to request validation. The second letter also described the validation period and related rights accurately. It did nothing to suggest diminution of the initial period; if anything, it re-started the period, thereby effectively extending Plaintiff's opportunity to seek validation of the debt. Nothing in the FDCPA prohibits a debt collector from giving a debtor more than the requisite 30-day validation period, and there is no evidence that Defendant took any action violative of Plaintiff's validation rights—such as by seeking to collect the debt before fulfillment of a request for debt verification—before or after delivery of the notices.

*See also Curry v. AR Resources*, 2016 WL 8674254 at * 5 (D.N.J. Nov. 4, 2016) ("The Court agrees with those more recent authorities that a plaintiff does not state a claim when she alleges that she received a subsequent debt collection letter containing a second identical 30-day validation notice."); *Mathis v. Allied Interstates LLC, LVNV*, 2020 WL 3064297 at *4-5 (M.D. Fla. June 9, 2020) (dismissing § 1692e claim, without leave to amend, where plaintiff alleged that his receipt of two validation notice letters was confusing and misleading).  While some courts have decided the issue differently, including *Maloney v. Alliance Collection Agencies, Inc.*, 2018 WL 5816375 (E.D. Wis. Nov. 6, 2018), which Medina relies upon, the undersigned concludes that the Fifth Circuit's view of the issue would align with the majority of district courts that have decided the issue.[3]  The undersigned further concludes, in reliance on *Ortiz*, that sequential letters with 30-day validation notices do not violate §1692e by creating a false misrepresentation, and instead can only

---

[3] There are also important factual distinctions between *Maloney* and this case.  In *Maloney*, two of the three plaintiffs received second dunning letters that contained lists of *new* debts, which created a level of confusion about which debts could be disputed at which time.  No such confusion exists here.  Both letters received by Medina contained the exact same list of debts.  *Maloney* is also a case from outside this Circuit, and other Circuits have resolved these issues differently by applying the unsophisticated consumer standard differently.

be viewed as extending the 30-day validation period. Based on the decisions of a majority of courts to have considered the issue, the undersigned concludes that Medina has not, with the allegations in the First Amended Complaint, stated a plausible claim under § 1692e.

**B.      §1692f**

In support of his claim under § 1692f, Medina alleges that LTD violated § 1692f "by employing unfair means to collect the [ ] debt," including sending "collection letters structured in a way to confuse [him] as to his rights under the FDCPA and the nature of his alleged liability" for the debt.  Medina also alleges, with respect to the telephone calls he received from LTD, that LTD "used intimidation tactics in an effort to extract Plaintiff's payment information," and "[d]espite Plaintiff's refusal to provide such information, as well as his demands that Defendant stop calling, Defendant continued its attempts to coerce Plaintiff into payment by placing multiple phone calls without his permission."  (Document No. 10 at 7).

Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. Other than the laundry list in § 1692f of conduct that is prohibited, there is no guidance from either the Supreme Court or the Fifth Circuit about what conduct could, or should, be considered unfair or unconscionable within the meaning of § 1692f. There is, however, a growing consensus amongst the "district courts in the Fifth Circuit, 'in line with district courts elsewhere [ ] that '[i]n light of § 1692f's legislative history ... [a] claim under § 1692f must be based on either conduct within the listed provisions of § 1692f or based on conduct that does not violate another section of the FDCPA.'" *Krier v. United Revenue Corp.*, No. 3:19-CV-2954-G, 2020 WL 2065618, at *5 (N.D. Tex. Apr. 28, 2020) (quoting *Nolan v. Account Control Technology, Inc.*, No. A-17-CV-1184-SS, 2018 WL 1903147, at *5 (W.D. Tex. Feb. 23, 2018)).

8

Here, Medina's allegations do not fall within the type of conduct identified in the statute. In addition, as argued by LTD, Medina's complaints about the two dunning letters and the phone calls are unaccompanied by any alleged "facts" that would support Medina's conclusory allegation that LTD engaged in "intimidation tactics."  Moreover, there are no facts that any conduct of LTD, other than that related to the dunning letters discussed in connection with Medina's claims under § 1692e and § 1692g, was unfair and/or unconscionable.  Medina has, therefore, not stated a plausible clam under § 1692f, and that claim is subject to dismissal under Rule 12(b)(6).

### C.    §1692g

Medina alleges in the First Amended Complaint that LTD violated § 1692g by:

[s]ending a second dunning letter within the initial 30-day period outlined in Defendant's first dunning letter.  Defendant's initial July 12th Letter began Plaintiff's 30-day clock to submit a dispute to Defendant in a manner that would trigger certain duties on behalf of Defendant. However, because Defendant referenced an additional 30-day window (in its subsequent July 18th Letter) within the initial 30-day window, Defendant's second letter overshadows and is inconsistent with Defendant's disclosure of Plaintiff's rights in Defendant's first letter.

Defendant consciously sent the second dunning letter in an effort to steer Plaintiff to delay his dispute of the subject debt until after the initial window, during which Defendant is statutorily required to cease collection activities and validate the debt. This has serious material implications to Plaintiff and consumers generally, as relying on the wrong dunning notice may cause consumers to forfeit their statutory right to dispute the debt and trigger the ceasing of collection activities, as required by the statute.

(Document No. 10 at 8-9).

Section 1692g prohibits a debt collector from using any collection activities or communications that "overshadow" or are "inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  Overshadowing is defined in this Circuit as when "the language in its communication with consumers…is "inconsistent with" the statutorily-mandated notice," such as when  "payment is demanded in a

concrete period shorter than the 30-day statutory contest period" or when a debt collector demands "immediate payment." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 670 (5th Cir. 2012) (quoting *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002)).

Here, where there was no attempt to collect the debt before the 30-day period expired, and where the second letter did nothing more than extend the 30-day period, not shorten it, the second letter cannot be said to have overshadowed the first letter so as to constitute a violation of §1692g. Congress enacted the FDCPA to create a "'minimum national standard[ ] for debt collection practices.'" *Piper v. Portnoff Law Assoc.*, 396 F.3d 227, 236 n.11 (3d Cir. 2005). It would be antithetical to that purpose to prohibit a debt collector from going above a "minimal standard" by giving the debtor more time to dispute the debt. *See Gesten v. Phelan Hallinan, PLC*, 57 F. Supp.3d 1381, 1387 (S.D. Fla. 2014) ("Defendant's second letter is not inconsistent with the thirty-day period that the FDCPA allows Plaintiff to dispute the debt. If anything, the second letter grants Plaintiff *additional* time to do so . . . Defendant's required notice was therefore not overshadowed or contradicted. Instead it was expanded and emphasized."); *Rosen v. LJ Ross Assocs., Inc.*, No. 19CV5516ARRVMS, 2020 WL 1332145, at *5 (E.D.N.Y. Mar. 23, 2020) ("A debt collector's issuance of a second debt collection letter with a second validation notice does not overshadow the original validation notice nor would it confuse the LSC. Instead, it grants the consumer additional time to dispute the debt, which the debt collector is permitted to do."); *but see Chambers v. I.C. System, Inc.,* No. 4:19CV1183 JCH, 2020 WL 3469324, at *6 (E.D. Mo. June 25, 2020) ("Defendant's act of sending the second letter within the initial 30-day validation period violated section 1692g of the FDCPA").  Medina has therefore, with the allegations in the First Amended Complaint, not stated a plausible claim under § 1692g.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing and the conclusion that Plaintiff has failed allege plausible claims under sections 1692e, 1692f and 1692g of the FDCPA, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss Plaintiffs' First Amended Verified Complaint (Document No. 11) be GRANTED, and that Plaintiff's claims under sections 1692e, 1692f, and 1692g of the FDCPA be DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 30th day of June, 2020.

Frances H. Stacy
United States Magistrate Judge